FILED
May 27, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002665285

3

JEFFREY M. VETTER
CHAPTER 7 TRUSTEE
P.O. BOX 2424
BAKERSFIELD, CA 93303
(661) 809-6806

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

In re:

**ARLENE CAROL MURIEL**

Debtor(s).

Case No: 10-11226-B-7

Chapter 7

DC No. JMV-1

**MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL NON EXEMPT EQUITY OF REAL PROPERTY TO THE DEBTOR**

Date: July 1, 2010
Time: 10:00am
Place: U.S. Bankruptcy Court
1300 18th Street, Suite A
Bakersfield, California
Judge: W. Richard Lee

JEFFREY M. VETTER, Chapter 7 respectfully represents:

## I. INTRODUCTION

The trustee moves the Court for authority to sell non exempt equity of real property located at R.R. 1 box 198 in Rutledge. Missouri 63563 ("the Real Property") to Arlene Carol Muriel ("the Debtor") for $12,800.00. The trustee believes that the sale of the estate's interest in the Real Property to the Debtor is in the best interest of the estate because (1) the sale price approximates what the Trustee believes he could obtain after an offer from a third party, after paying commissions and secured creditor, (2) the Debtor has secured funding and has mailed a

check to the Trustee in the amount of $12,800.00, (3) a sale to the Debtor eliminates delay and uncertainty that would occur if the Trustee were to market the property, thereby allowing the Trustee complete the administration of the Chapter 7 case filed by the Debtor sooner.

## II. FACTUAL BACKGROUND

1. Jeffrey Vetter is the duly appointed, qualified, and acting Trustee in the case.

2. The court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. 157(b) (2) (A) & (N).

3. The Debtor filed Chapter 7 on February 8, 2010. The Debtor did not list the Real Property in their original <u>Schedule A-Real Property.</u>

4. The Debtor attorney filed an amended Schedule A and Schedule C indicating the following; the value of the Real Property is $242,000.00, after subtracting 8% commission for a realtor ($19,360) value left is $222,640.00, of which the Debtor is one-third beneficiary. Current loan on Real Property is $118,162.00, of which the Debtor is one-third responsible. The Debtors allowed exemption is $20,250.20. After deducting the exemption of $20,250.20, the non exempt equity is approximately $14,575.80. The Debtor holds a one-third interest in Real Property with her children.

5. A sale of a the non exempt equity to the Debtor avoids the uncertainty of whether or not the Real Property could be sold in a reasonable period of time, saves substantially on the costs of sale, and approximates what the Trustee believes he would receive from a third party buyer. Therefore, he believes it is in the best interest of the estate to sell the non exempt equity of the Real Property to the Debtor for $12,800.00. The trustee has accepted the Debtors' offer, subject to court approval.

6. The Debtor has delivered a check in the amount of $12,800.00 to the Trustee pending the approval of the Motion.

7. The last day to file claims in the Debtors' case is July 15, 2010, and five creditors have filed a claim at the time of the writing of the Motion. The Debtors' scheduled unsecured claims are approximately $62,012.00. So even if all creditors file claims, based on the Debtors' schedules the pro rata payment to unsecured creditors is anticipated to be about 19% if this Motion is approved.

## III. CONCLUSION

Wherefore, the Trustee prays for an order providing that:

1. the Motion is granted;

2. the Trustee is authorized to sell the estate's non exempt equity in the Real Property to Debtor for $12,800.00.

3. the Trustee is authorized to execute all documents necessary to effectuate the sale of non exempt equity of real property to the Debtor for $12,800.00.

4. for such other relief as the court determines is just and proper.

Dated: 5/26/10.

/s/ [signature]
JEFFREY M. VETTER
Chapter 7 Trustee

E-Filed by: Jeffery M. Vetter
661-809-6806
jeffreyvetter@hotmail.com